IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.A.A.H. and J.R.H., on behalf of J.H. and L.H., <br><br> Plaintiffs, <br><br> vs. <br><br> MODESTO CITY SCHOOLS, <br><br> Defendant. | 1:08cv01465 LJO DLB <br><br> FINDINGS AND RECOMMENDATIONS RE PLAINTIFF'S MOTION FOR ATTORNEYS' FEES <br><br> (Document 3) |

On September 29, 2008, Plaintiffs J.A.A.H. and J.R.H., on behalf of their sons J.H. and L.H., filed the instant application for attorneys' fees pursuant to §1415(i)(3)(B) of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415. Defendant Modesto City Schools ("Defendant" or "District") filed an opposition on November 21, 2008. The matter was heard on December 5, 2008, before the Honorable Dennis L. Beck, United States Magistrate Judge. Tamara Loughrey and Justin Arnold appeared on behalf of Plaintiffs. Marcella Gutierrez appeared on behalf of Defendant. For the reasons set forth below, the Court recommends that Plaintiffs' motion for attorneys' fees be granted in part and denied in part.

1

# BACKGROUND

Plaintiffs J.H. and L.H. are twin, autistic students within the Modesto City Schools District. On March 18, 2008, Plaintiffs' parents filed due process complaints against the District on behalf of J.H. and L.H. with the Office of Administrative Hearings. The due process complaints were consolidated and a hearing was convened from May 20 to 23, June 10 to 13, and June 26, 2008.

The Administrative Law Judge issued a decision in J.H.'s case on August 27, 2008,[1] and a decision in L.H.'s case on August 28, 2008. (Attachments 2 and 3 to Declaration of Tamara Loughrey in Support of Motion for Attorney's Fees ("Loughrey Decl."). The ALJ determined that there was a procedural denial of a free appropriate public education ("FAPE") regarding the District's placement offer for the majority of the 07-08 school year for both students. The ALJ did not determine the issue of whether the District substantively denied the students a FAPE.

In addition, the ALJ determined that the District's functional behavioral assessments and proposed treatment plans for the students were not appropriate. However, the District prevailed on the issues of whether its speech and language assessments and whether its offer of speech and language services were appropriate. In L.H.'s case, the District also prevailed on its request to conduct a Picture Exchange Communication System ("PECS") assessment.

In J.H.'s case, the ALJ found that the student prevailed on 5 issues, the District prevailed on 6 issues and neither party prevailed on 2 issues. In L.H.'s case, the ALJ concluded that the student prevailed on 5 issues, the District prevailed on 7 issues, and neither party prevailed on 2 issues.

As compensatory education, the ALJ ordered the District to provide the students with an educational placement in an Early Intensive Behavioral Training ("EIBT") Applied Behavioral Analysis ("ABA") program delivered by a state-certified non-public agency ("NPA") for a minimum of thirty hours per week for the 2008-09 school year and extended school year.

On September 29, 2008, Plaintiffs filed a Complaint for Attorney's Fees under 20 U.S.C. §1415 as well as the present motion for attorneys' fees. On October 6, 2008, Plaintiffs filed a Notice

---

[1] An amended decision was issued on September 12, 2008, which corrected page numbers.

2

of Motion for Attorneys' Fees, setting the motion for December 5, 2008.  Plaintiffs seek fees in the amount of $155,135.67 for the underlying action and $12,244.95 for the instant motion, reduced by a self imposed 10% discount for a total request of $147,940.47.

**LEGAL STANDARD**

I.  Attorneys' Fees

Under the IDEA, "the court, in its discretion, may award reasonable attorney's fees as part of the costs ... to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I).  A "prevailing party" is a party who "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Parents of Student W. v. Puyallup Sch. Dist., No. 3*, 31 F.3d 1489, 1498 (9th Cir. 1994).  Indeed, a party may be awarded fees even if he did not prevail on all issues, provided he obtained "some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. West Virginia DHHR*, 532 U.S. 598, 603 (2001).  Here, the District does not dispute that Plaintiffs are entitled to an award of reasonable attorneys' fees. Instead, the District disputes the amount of requested fees as unreasonable.

A.  Reasonable Attorneys' Fees

In determining a reasonable attorney's fee, courts employ the lodestar method.  *See Morales v. City of San Rafael*, 96 F.3d 359, 363-65 & nn. 8-12 (9th Cir. 1996).  The "lodestar" is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.  *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995).  Once the court determines the lodestar figure, it assesses whether it is necessary to adjust the amount on the basis of any of twelve factors, known as *"Kerr* factors", which were not already taken into account. *Id*; *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

The *Kerr* factors are as follows: (1) the time and labor required; (2) the novelty and difficulty of the question involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and

ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr*, 526 F.2d at 70.

Here, Plaintiffs' counsel submitted a 39-page invoice. Attachment 1 to Loughrey Decl. The invoice reveals that Plaintiffs' counsel, Loughrey & Woelfel, expended 728.90 hours from the start of their engagement on November 8, 2007, until September 26, 2008, for a total amount of $156,479.00 in fees. Id. Of this amount, and before any self-imposed discount, Plaintiffs request $155,135.67 in fees.

Defendant challenges both the hours billed and the fees charged. Defendant argues that: (1) Plaintiffs failed to substantiate their fees under the Local Rules; (2) the hours billed are excessive, duplicative and inefficient; (3) the hourly rates are not justified in the community; (4) certain fees are not recoverable; (5) fees should be reduced due to the limited degree of success; and (6) the District's offer of settlement necessitates a fee reduction.

1.      Substantiation of Fees Pursuant to Local Rule

Defendant contends that Plaintiffs failed to comply with Local Rule 54-293. Defendant faults Plaintiffs for failing to provide contemporaneous records that were created on a daily or monthly basis, for failing to substantiate the agreed-upon arrangement for legal services and hourly rate, and for failing to detail client payments.

Local Rule 54-293(b)(3) and (4) require a motion for attorneys' fees to include an affidavit showing the amount of attorneys' fees sought and the information identified in subsection (c) criteria. Subsection (c) criteria include the customary fee charged in matters of the type involved and whether the fee contracted between the attorney and the client is fixed or contingent.

As noted, the 39-page invoice in this matter includes time entries beginning November 8, 2007, and continuing through September 26, 2008. Attachment 1 to Loughrey Decl. In Plaintiffs' reply, Tamara Loughrey, counsel for Plaintiffs, supplies a supplemental declaration in which she declares that the billing records were kept contemporaneously and entered using the firm's Timeslips billing system. Loughrey Supplemental Declaration, at ¶ 2. Ms. Loughrey further represents that the standard billing rate in this matter is $300 for senior attorneys (Ms. Loughrey), $265 for junior

4

attorneys and $90 for paralegals/law clerks.  Additionally, Justin Arnold, a first-year associate, bills at $195 per hour and a law clerk bills at $110 per hour.

With regard to payment by the client, Ms. Loughrey declares that her firm agreed to accept a down payment of a $2000 retainer, plus $200 per month for these cases.  The clients remained responsible for paying the monthly fee until their invoices were paid in full or fees were recovered from Defendant.  Loughrey Supplemental Declaration, at ¶ 4.  A report of client payments was included with Plaintiff's reply.  Exhibit A to Loughrey Supplemental Declaration.

Plaintiffs have submitted information pertaining to the amount of attorneys' fees sought, the fee arrangement between the law firm and Plaintiffs, a record of client payments and a declaration that billing entries were completed contemporaneously with work performed.  The information appears to comply with Local Rule 54-293.

2. Excessive, Duplicative and Inefficient Hours

Defendant argues that fees should be reduced because the hours billed by Plaintiffs' attorneys were excessive, duplicative and inefficient.  A court may reduce the hours requested if it believes the documentation is inadequate, the hours duplicative or the hours excessive or unnecessary.  *See Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).

Defendant first challenges billing by Plaintiffs' counsel of over 100 hours developing witness questions.  Plaintiffs argue the time was necessary to prepare cross-examination questions because in counsel's experience similarly situated witnesses tended to not remember or have a different recollection of any fact which was not in writing.  Plaintiffs' counsel also asserts that the time was spent preparing cross-examination questions of Defendant's proposed expert, reviewing the proposed expert's published writings and the preparation of an impeachment expert.

A review of the record reveals multiple time entries reflecting the preparation of witness questions and cross-examination questions.  Attachment 1 to Loughrey Decl.  Time entries devoted solely to witness questions and cross-examination questions reveal over 37 hours spent on these tasks by Justin Arnold, an attorney who was admitted to practice law in December 2007, did not have prior due process hearing experience or in-court litigation experience, and did not have

5

responsibility for questioning witnesses at the due process hearing. Attachment 1 to Loughrey Decl.; Declaration of Justin Arnold, at ¶¶ 1, 4. Further, at least 9 separate billing entries were blocks of time billed by Ms. Loughrey and Mr. Arnold associated with multiple tasks. For example, on June 10, 2008, Mr. Arnold billed 10.50 hours to "Attend hearing; prepare for next day - review notes and evidence; update questions." Attachment 1 to Loughrey Decl., at p. 28. On that same date, Ms. Loughrey billed 11.50 hours to "Attend hearing; Telephone conference with behaviorist regarding testifying; prepare for next day hearing - review notes and evidence and witness questions." Id. On the record before the court, the full amount of time devoted to the preparation of witness questions and cross-examination questions cannot be ascertained because of block billing by counsel. However, the court finds no evidence that the remainder of time billed to witness/cross-examination questions is excessive. Plaintiffs indicate that they called eight witnesses at trial and prepared to question the District's proposed expert witness.[2] Loughrey Decl., at ¶¶ 15, 23. There is no indication of the number of witnesses called by the District.

Second, Defendant challenges the 12.5 hours Plaintiffs' counsel spent preparing a pre-hearing conference statement. Plaintiffs explain that the pre-hearing statement contains a time estimate, a statement of all issues presented, all potential witnesses and all potential evidence and requires trial strategy. There is no indication in the record before the court that the time spent was excessive or unnecessary.

Third, Defendant challenges the 97.3 hours spent by Plaintiffs' counsel in preparing two closing briefs. Defendant asserts that the briefs were "unduly extensive" and "identical." Defendant further urges that Mr. Arnold spent nearly 55 hours on closing briefs and Ms. Loughrey spent an additional 30 hours, suggesting she had to spend time rewriting the briefs.

Plaintiffs counter that the facts of each case were different, resulting in different arguments on distinct meetings, assessments, and observations. Plaintiffs also assert that writing a closing brief is more time consuming than writing an appellate brief because it requires the inclusion of evidence.

---

[2] The court will address separately the appropriateness of billing for hearing attendance by two attorneys.

6

Although factual distinctions existed, there is no indication in the record that the legal standard differed between the cases or that a substantive amount of additional research was required for the second brief, with the possible exception of an additional issue in J.H.'s case. Plaintiffs' counsel declares that there were "two fifty page closing briefs," indicating no significant page difference between the two. Loughrey Decl., at ¶ 14. Plaintiffs also have failed to refute Defendant's contention regarding rewriting the briefs by Ms. Loughrey, as she indicates she spent an unidentified portion of her time editing Mr. Arnold's draft. Loughrey Supplemental Declaration, at ¶ 11. As such, the court finds these hours duplicative and excessive, and recommends reducing Mr. Arnold's 55 billed hours by 25 additional hours, which represents the hours he spent in excess of the 30 comparable hours billed by Ms. Loughrey.

Defendant next challenges the time spent by Plaintiffs' counsel in preparing evidence binders for hearing. Defendant contends that counsel billed over 100 hours in preparing evidence binders. Plaintiffs argue that a "substantial amount of the documents" was research on the most effective treatments for children with autism. Plaintiffs explain that their counsel had to read "several complex studies and determine the most appropriate to use as evidence."

The record reflects that Mr. Arnold spent more than 29 hours "evaluating evidence" for inclusion in the evidence binders. Attachment 1 to Loughrey Decl. Additional time spent by Mr. Arnold and Ms. Loughrey in binder preparation is included in block time entries for multiple tasks totaling more than 12 hours. Attachment 1 to Loughrey Decl., at pp. 15, 18, 19, 20. Further, a paralegal and another staff member spent over 75 hours listening to transcripts and preparing eight sets of evidence binders. Attachment 1 to Loughrey Decl. In total, the record demonstrates more than 100 hours in evidence binder preparation.

Contrary to counsel's declaration, there is no indication in the record that Mr. Arnold researched the most effective treatments for children with autism. Entries by Mr. Arnold are either silent or reflect that he reviewed "educational records, email/letter communications," "Modesto City Schools' mission statement" and "additional education documents." Attachment 1 to Loughrey Decl., at pp. 13, 16, 18. Only one entry, on May 7, 2008, by Ms. Loughrey, relates to the evaluation

7

of "peer reviewed ABA research for inclusion in due process evidence binders." Attachment 1 to Loughrey Decl., at p. 19. Accordingly, the court finds that the amount spent in binder preparation is unsupported and excessive, and recommends Mr. Arnold's more than 30 hours in "binder preparation" be reduced by 10 hours.

Defendant next challenges the presence of both Ms. Loughrey and Mr. Arnold at mediation and at hearing. Plaintiffs contend that Mr. Arnold's attendance at the hearing was not duplicative, since his attendance helped him draft questions for witnesses, write motions and prepare the closing briefs. At oral argument, Plaintiffs' counsel essentially contended that Mr. Arnold's presence at the hearing was necessary for taking extensive notes. The court finds Plaintiffs' justification to be without merit. As admitted by Plaintiffs, Mr. Arnold "spent a great deal of time listening to a recording of key witness' testimony to include exact quotes in the brief" belying the need for extensive notes and his attendance. There also is no indication that a paralegal, clerk or other person associated with the Loughrey & Woelfel law firm could not provide "notetaking" services at a lower billable rate. The record reflects that Mr. Arnold billed time related to hearing attendance totaling more than 75 hours, which was block billed with other hearing related activities. Attachment 1 to Loughrey Decl. Based on the finding of duplicative work, the court recommends that Mr. Arnold's billing for hearing attendance be reduced by 59 hours (8 hours/seven full days and 5.5 hours/two partial days).

Defendant also challenges Plaintiffs' apparent practice of billing for duplicative entries involving meetings between attorneys in the law firm or between attorneys and a paralegal in the law firm. Plaintiffs' counsel contends that the contract with the clients allowed this time to be billed and it was necessary to design and implement legal strategy. Plaintiffs do not provide a copy of the written agreement with their counsel. However, there is no indication that this billing practice is prohibited.

Defendant also argues that the court should consider Mr. Arnold's limited experience as a first-year attorney and the District should not be required to pay for him to learn special education law and procedure. Defendant asserts that the time billed by Mr. Arnold alone (375.8 versus Ms.

Loughrey's 241.10) is more than the District's entire legal bill on these cases, including all time spent by the District's lead attorney, associate attorneys and paralegal. The court agrees with Defendant's position and has factored this into its determination that a portion of the billing by Plaintiffs' counsel is duplicative and excessive. Plaintiffs' contention that Mr. Arnold had significant experience in trial preparation and brief and motion writing, along with formal special education training and seven months experience does not undermine this conclusion. Plaintiffs readily admit that IDEA practice is "highly specialized." Plaintiff's Memorandum In Support of Motion for Attorneys' Fees, at p. 8. The record reflects that, at the time of J.H. and L.H.'s consolidated hearing, Mr. Arnold had less then one year of experience in special education law and had no due process hearing experience.

To demonstrate the excessive nature of the fees, Defendant additionally submits the declarations of attorneys Margaret Broussard and Bob Varma, who represent special education students. Ms. Broussard opined that Plaintiffs' requested fees are excessive.[3] Mr. Varma indicated that he has never billed in excess of 610 hours on a case. Plaintiffs counter that Ms. Broussard does not have knowledge of the case files in this matter and that Mr. Varma's hours in due process presumably relate to cases involving only one student and with limited pre-hearing motion work. The court does not rely solely on these declarations to reach its determination that a portion of the hours billed were duplicative, excessive, and/or inefficient.

Based on the above findings, the court recommends that Mr. Arnold's billed hours of 375.8 be reduced by 94 hours for a total of 281.8 hours, thereby reducing the dollar amount billed by $18,330.00 (94 x $195).

3.   Rates Prevailing in the Community

Fees awarded under the IDEA must be based on rates prevailing in the community in which

---

[3] Plaintiffs object to Ms. Broussard's declaration and move to strike portions of it under the Federal Rules of Evidence. (Doc. 21). Plaintiffs seek to strike Ms. Broussard's statements regarding her average billing for preparation of exhibit binders, her range of attorney's fees for due process hearings, her range of billable hours for due process cases, and her opinion that 640 billable hours for a nine day due process hearing involving twin autistic students seems excessive. The court does not rely on Ms. Broussard's declaration in reaching its determination regarding reasonable attorneys' fees. Therefore, the Motion to Strike is denied as moot.

9

the action or proceeding arose for the kind and quality of services furnished. 20 U.S.C. § 1415(i)(3)(C). Fees must be reduced whenever the court finds that the amount of the attorney's fees otherwise authorized to be awarded unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience. 20 U.S.C. § 1415(i)(3)(F)(ii).

Defendant argues that the fees should be reduced for two main reasons: (1) the relevant community is Modesto, which is a relatively low-cost legal community; and (2) the billing rates for Ms. Loughrey and Mr. Arnold are unreasonable. However, the crux of Defendant's argument is the experience levels of Ms. Loughrey (five years as an attorney, not all of which as a special education attorney) and Mr. Arnold (one year as an attorney) in relation to their respective billing rates. A review of the record reveals that Ms. Loughrey graduated from law school in 2003 and began representing special education parents sometime in 2005. She does not practice exclusively in the area of special education, as she continues to work on misdemeanor criminal appeals and handles personal injury cases and conservatorship cases. Loughrey Decl., at ¶ 5. As discussed above, Mr. Arnold has less experience in special education than Ms. Loughrey. Mr. Arnold was admitted to in December 2007 and did not have prior due process hearing experience or in-court litigation experience prior to the hearings in this case. Declaration of Justin Arnold, at ¶¶ 1, 4.

Defendant points to the billing rates for Ms. Broussard and Mr. Varma to demonstrate unreasonableness. Ms. Broussard, who has been practicing special education law since 2002, currently bills at $350 per hour. Broussard Declaration, at ¶¶ 5-6, 8. Mr. Varma has been practicing special education law for 13 years and his current hourly rate is $400. Varma Declaration, at ¶¶ 4, 7.

In a request for judicial notice, Defendant also includes the declarations of Drew Massey and Kathleen Loyer.[4] According to the declarations, Mr. Massey represents special education parents primarily in Orange and Los Angeles counties and has been practicing since November 2006. His billing rate is $185. Ms. Loyer also represents special education students and has been practicing in

---

[4] Plaintiffs filed objections to these declarations, arguing their origin is unclear and they do not comply with Federal Rule of Evidence 201.

1   that area since 1997. Prior to that time, she served as a parent advocate for 10 years. Her rate since
2   January 2002 has been $300.
3         Plaintiffs also submit declarations to provide support for the billing rates of their counsel.
4   First, Plaintiffs provide the declaration of attorney Robert Rodriguez, who has been licensed to
5   practice since 2006 and has special education law experience. Rodriguez Declaration, at p. 1. His
6   current rate in Stanislaus County is $250 per hour. Rodriguez Declaration, at p. 2.
7         Second, Plaintiffs provide the declaration of attorney Laurette Garcia. Ms. Garcia received
8   her law degree in 2005 and currently works for a non-profit group in San Francisco that provides
9   legal assistance to families related to special education issues. Garcia Declaration, at ¶¶ 2, 4. Her
10  "full rate" is $280 per hour. Garcia Declaration, at ¶ 6.
11        Finally, Plaintiffs submit the declaration of attorney Larisa Cummings. Ms. Cummings
12  graduated from law school in 1987 and has been practicing special education law for twenty years.
13  Cummings Declaration, at ¶ 1. She currently works for Disability Rights Education and Defense
14  Fund, a national law and policy organization in Berkeley. Cummings Declaration, at ¶3. Her billing
15  rate is $525 per hour. Cummings Declaration, at ¶5. An attorney admitted in 2002 and practicing at
16  the same organization bills at $335 per hour. Cummings Declaration, at ¶ 5. Ms. Loughrey was a
17  law clerk at this organization in 2002. Cummings Declaration, at ¶ 6.
18        Based on the evidence submitted by Plaintiffs regarding the rate billed by Mr. Rodriguez in
19  Stanislaus County, which is the relevant billing community, and the rate billed by Ms. Garcia, who
20  has been practicing special education law as long as Ms. Loughrey, the court finds that the
21  reasonable rate for Plaintiff's counsel, Tamara Loughrey, is $250/hour.
22        Prior to any other reduction, the court calculates Ms. Loughrey's billing as follows: 241.10
23  hours x $250/hour = $60,275.00. This is a reduction of $12,055.00 in the dollar amount billed by
24  Ms. Loughrey (241.10 x $300/hour = $72,330.00 - $60,275.00 = $12,055.00).
25        However, the District has not provided sufficient evidence to demonstrate that Mr. Arnold's
26  rate is inappropriate. Specifically, the District provides only the declaration of Drew Massey, who
27  also was admitted to practice in 2007, and bills at a rate of $185/hour in various counties in both
28

Northern and Southern California. Accordingly, the court finds Mr. Arnold's rate reasonable and calculates his billing, prior to any other reduction, as follows: 281.8 hours x $195/hour = $54,951.00. As noted previously, this is a reduction of $18,330.00.

    4.    Recoverable Billing

Defendant argues that Plaintiffs' counsel seek fees that are not recoverable. Defendant first contends that Plaintiffs should not be able to recover for time spent prior to the due process complaint being filed on March 18, 2008. Defendant cites to 20 U.S.C. section 1415(i)(3)(D)(ii) to support its contention that the only time recoverable pertains to a due process hearing. Plaintiffs do not provide legal support for the recovery of fees incurred prior to the filing of the due process complaint. Instead, Plaintiffs argue that limitation of such fees is not sensible as a matter of policy. Absent contrary authority, it is recommended that Plaintiffs be permitted recovery of attorneys' fees from the start of their engagement. *See*, *e.g.*, *S.J. v. Essaquah School District No. 411*, 2008 WL 11342 (W.D.Wash. January 8, 2008) (finding claimed hours from the start of engagement until offer of settlement reasonable); *compare P.N. v. Seattle School Dist. No. 1*, 474 F.3d 1165, 1169 (9th Cir. 2007) (holding that the IDEA authorizes an action to recover attorneys' fees and costs, even if there has been no administrative or judicial proceeding to enforce a student's rights under the IDEA).

    <u>Miscellaneous Fees and Costs</u>

Defendant next contends that Plaintiffs should not be able to recover for miscellaneous fees and costs, such as those for hotels and meals, travel time, evidence binders (totaling $690.39), and time attributed to a tort claim involving Valley Mountain Regional Center.[5] Plaintiffs counter that they are entitled to documented miscellaneous expenses, citing *Aranow v. District of Columbia*, 780 F.Supp. 46 (D.D.C. 1992) and *Yaris v. Special School District of St. Louis County*, 661 F.Supp. 996 (E.D. Mo. 1987). Neither of the cases cited by Plaintiffs support their position that they are entitled to fees and costs for hotels and meals.

The IDEA states that "the court, in its discretion, may award reasonable attorneys' fees as part

---

[5] Plaintiffs contend that as part of their "voluntary 10% 'haircut'" they included time related to pursuing the action against Valley Mountain Regional Center.

12

of the costs ..." 20 U.S.C. § 1415(i)(3)(B)(I).  In *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy,* 548 U.S. 291, 301 (2006), the Court held that "the term 'costs' in 20 U.S.C. § 1415(i)(3)(B), like the same term in Fed.R.Civ.P. 54(d), is defined by the categories of expenses enumerated in 28 U.S.C. § 1920."   In short, parties are entitled to recover costs for such items as transcripts, printing, witnesses, copies and docket fees.  28 U.S.C. § 1920.

At least two other district courts have seen fit to award certain expenses associated with a due process hearing.  For instance, in *Torrance Unified Sch. Dist. v. Magee*, 2008 WL 4906088 (C.D.Cal. November 10, 2008), an unreported decision, the Court awarded additional costs for charges such as messenger services, telephone, postage, Westlaw, and office expenses, as a reimbursable part of attorneys' fees.  *Id*. at *5-6.  In the unreported decision of *Hiram C. v. Manteca Unified Sch. Dist., 2004 WL 4999156,* (E.D.Cal. 2004), the Court awarded counsel twenty-one hours of travel time at a reduced rate of less than half the counsel's regular hourly rate.  *Id.* at *1.  In both of these cases, the courts reasoned that the costs billed were reasonable, justifying the award.  Neither case, however, dealt with expenses related to meals and hotels.  Plaintiffs have not demonstrated that the Ninth Circuit supports the award of such expenses in IDEA cases.

The record indicates that Plaintiffs incurred $10,901.62 in total costs.  Of this amount, Plaintiffs expended $1,718.23 in hotel and meal fees.  The court recommends that the attorneys' fees awarded be reduced by this amount.

5. Degree of Success

Prevailing party status does not mean that parents must receive full attorney fees.  A reduced fee is appropriate if the relief, "however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley v. Eckerhart,* 461 U.S. 424, 440 (1983).  This degree of success standard is "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party,' " *Id.* at 433 n. 7; *see also Farrar v. Hobby,* 506 U.S. 103, 113-14 (1992), and is controlling in IDEA cases, *Aguirre v. Los Angeles Unified Sch. Dist.,* 461 F.3d 1114 (9th Cir. 2006).  *Hensley'*s test requires that judges properly consider the parties' achievements in a multi-claim context, considering, for

13

example, hours spent on winning versus losing claims, the level of success achieved, and the degree of overlap between successful and unsuccessful claims. *Hensley,* 461 U.S. at 434-35.

Defendant indicates that Plaintiffs prevailed on only ten of the twenty-seven issues involved in the two cases and therefore the requested fees should be reduced. This mathematical approach is misleading. Although Plaintiffs did not prevail on all issues, they did receive a favorable determination from the ALJ that there was a procedural denial of FAPE regarding the District's placement offer for the majority of the 07-08 school year. A determination that a student was denied a FAPE is the "most significant of successes possible" under the IDEA. *See Park v. Anaheim Union High School Dist.*, 464 F.3d 1025, 1036 (9th Cir. 2006). While the ALJ did not reach the issue of whether the District substantively denied J.H. and L.H. a FAPE, it was unnecessary to do so because the ALJ determined there had been a procedural denial. Additionally, the ALJ determined that the District's functional behavioral assessments and proposed treatment plans were not appropriate.

In contrast, the District prevailed on whether the speech and language assessments and offer of such services to J.H. and L.H. were appropriate and whether it was entitled to administer a PECS assessment to one of the students.

It is unclear from the billing records the amount of time spent on winning versus losing claims, including those related to the substantive denial of FAPE not decided by the ALJ. Billing entries typically appear as general statements, e.g. "Attend hearing," "Research issues for closing brief," "Prepare evidence and documents for experts." At a minimum, the invoice reveals approximately seven billing entries out of 39 pages related to the issues on which the District prevailed, i.e. speech and language assessment and PECS assessment. The appropriateness of the District's speech and language assessments appear to be discrete issues from the procedural denial of FAPE related to parental participation and the functional behavior assessments, so there is not a large degree of overlap between the successful versus unsuccessful claims. At hearing, two witnesses testified in connection with the speech and language issues. There did not appear to be additional testimony regarding the PECS issue.

14

Given Plaintiffs' degree of success in contrast with the number of issues prevailed on by the District, the court recommends that Plaintiffs be awarded 80% of the reasonable attorneys' fees incurred.

6.   Settlement Offer

Pursuant to the IDEA, attorneys' fees may not be awarded and related costs may not be reimbursed for services performed subsequent to the time of a written offer of settlement if the offer is made in a timely fashion, the offer is not accepted, and the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement. 20 U.S.C. § 1415(i)(3)(D)(I).

Defendant contends that fees should be reduced because the offers of compromise presented to Plaintiffs were substantially similar to the awards Plaintiffs achieved at hearing. The court disagrees.  The offers of settlement included placement in an ABA program for 20 hours per week to be provided by an ABA-trained District teacher with supervision by an NPA on a 2:1 basis for the 2007-2008 school year, along with 75 hours of compensatory intensive ABA instruction by a paraprofessional to be provided over a period of two years. Exhibits A and B to Declaration of Marcella Gutierrez in Support of Opposition to Motion for Attorneys' Fees.

In contrast, the ALJ ordered the District to fund placement in an intensive EIBT program delivered at home or at school by a state-certified NPA for a *minimum* of 30 hours per week and a maximum of 40 hours per week for the 2008-09 school year and the 2009 extended school year.  Attachments 2 and 3 to Loughrey Decl.

As such, the ALJ awarded a greater number of hours of direct services than those offered by the school district.  Additionally, the students' placement was changed from the school district to an in-home intensive ABA program provided by a state-certified NPA.  Declaration of J.A.A.H., at ¶ 13. As of the filing of the instant motion, the record reveals that L.H. was increasing his hours up to 35 hours per week by January 2009 and that J.H. is currently receiving 29 hours per week of one-to-one ABA services.  Declaration of J.A.A.H., at ¶ 13.

15

For these reasons, the court finds that Plaintiffs are not barred from recovering fees subsequent to the offer of settlement because the relief they finally obtained is more favorable than the relief offered in the settlement offer.  *See M.L. v. Federal Way Sch. Dist.*, 401 F.Supp.2d 1158, 1163-66 (W.D.Wash. 2005).

## CONCLUSION AND RECOMMENDATIONS

Based on the above, the Court RECOMMENDS that Plaintiffs Motion for Attorneys' Fees be granted in part and denied in part.  The court calculates the recommended fees as follows: $155,135.67 (requested amount pre-discount) - $18,330 (reduction of Mr. Arnold's hours) - $12,055 (reduction of Ms. Loughrey's billing rate) - $1,718.23 (reduction of travel/meal costs) = $123,032.44 x 80% (degree of success) = $98,425.95.

These Findings and Recommendations are submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631 (b)(1)(B) and Rule 72-302 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty days (plus three days if served by mail) after being served with a copy, any party may serve on opposing counsel and file with the court written objections to such proposed findings and recommendations.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1).

IT IS SO ORDERED.

Dated:   **January 6, 2009**          /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE